IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| IN THE MATTER OF: | ) | CASE NO. BK06-80500 |
| | ) | |
| WILLIAM EDWARD JANSA and | ) | CH. 13 |
| DEBRA ANN JANSA, | ) | |
| | ) | |
| Debtors. | ) | |

## MEMORANDUM

Hearing was held in Omaha, Nebraska on January 8, 2007, on the objection to claim of SAC Federal Credit Union filed by Debtors (Fil. #33), and the resistance filed by SAC Federal Credit Union (Fil. #34). With its resistance, SAC Federal Credit Union ("SAC") also resisted the Trustee's motion/notice to allow claims (Fil. #29). Ronald A. Hunter appeared for Debtors, and W. Eric Wood appeared for SAC. This memorandum contains findings of fact and conclusions of law required by Federal Rule of Bankruptcy Procedure 7052 and Federal Rule of Civil Procedure 52. This is a core proceeding as defined by 28 U.S.C. § 157(b)(2)(B) and (L).

Debtors' Chapter 13 plan herein was confirmed on June 26, 2006 (Fil. #20). The plan provides for post-confirmation payments to SAC based on the value of its security in the amount of $10,475.00, together with interest at the rate of 7% per annum. SAC did not object to the plan.

On June 14, 2006, after the plan was filed, but before it was confirmed, the Chapter 13 Trustee filed her acknowledgment and notice of the manner of the proposed treatment of claims (Fil. #18). In that acknowledgment and notice, the Trustee identified the SAC claim as being secured in the amount of $12,898.00 and to be paid with interest at 7% per annum. The acknowledgment and notice from the Trustee further provides:

> If you disagree with the Trustee's proposed treatment of your claim, you may request the Trustee to specify the reason(s) for the manner in which you [sic] claim was recorded. The Trustee will assume the proposed allowance is correct, and the claim will be treated as recorded, unless you file with the Clerk by: 07/12/2006
>
> Interest is paid on secured claims only if the plan provides for it. Unless otherwise provided, interest is paid only from confirmation and at the rate specified in the plan. If the plan provides for interest, the rate is noted above. Over-secured creditors claiming pre-confirmation interest must insure that the plan specifically provides for payment of pre-confirmation interest.

On July 6, 2006, after confirmation of the plan on June 26, 2006, SAC objected to the Trustee's acknowledgment of the SAC claim (Fil. #22). Nothing further happened with respect to SAC's claim until the Trustee filed a new acknowledgment and notice of the manner of the proposed treatment of claim (Fil. #30) on October 27, 2006. That acknowledgment and notice from the

Trustee changed the secured amount of the claim to $18,500.22, and left the interest at 7% as provided for in the plan.

On November 20, 2006, Debtors filed their objection to the claim of SAC (Fil. #33), arguing that the value of the vehicle securing the claim is $10,475.00 and that the balance of the claim should be a general unsecured claim. On November 27, 2006, SAC filed its resistance (Fil. #34) to Debtors' objection and to the Trustee's motion to allow claims (Fil. #29). In its objection, SAC asserted, among other things, that there were some insurance policies with surrender values serving as additional collateral and that it should be entitled to interest at the formula rate pursuant to Nebraska Rule of Bankruptcy Procedure 3023-1.

At the hearing, the parties advised the Court that with the exception of the applicable interest rate, they had settled the issues involved and would be submitting a stipulated order. That stipulated order was filed on January 10, 2007, and finds that the parties have agreed the value of the vehicle to be $10,475.00. The sole issue remaining is the applicable interest rate to be paid on SAC's secured claim of $10,475.00 over the life of the plan.

SAC argues that it is not obligated to object to the plan on a valuation issue. Instead, SAC argues the value of a claim, including the interest rate, should be determined in accordance with the procedure for allowance of claims. *See In re Stein*, 63 B.R. 140 (Bankr. D. Neb. 1985), and Nebraska Rule of Bankruptcy Procedure 3007-1(C). The local rule was established following the *Stein* decision, which essentially held that where the confirmed plan values the collateral below the amount stated in the creditor's proof of claim, the value in the proof of claim controls and that the value question should be addressed in the claims objection process. SAC asserts that it timely filed an objection to the Trustee's motion regarding claims and that it should be able to address the applicable interest rate through the claims objection process rather than by objecting to the plan.

The creditor overlooks the fact that the claims objection process deals only with the allowed amount of the claim. Here, SAC filed a proof of claim, the Trustee filed a motion to allow that claim, and Debtors timely objected. The parties have now agreed upon the "allowed" amount of the creditor's claim, *i.e.* $10,475.00. The proof of claim process only establishes the allowed amount of the claim as of the date of bankruptcy filing. It does not address the interest rate to be paid on that claim if the claim is to be paid over time under the terms of the plan. The proof of claim form, which begins the claim allowance process, contains a blank for the value of the collateral, but does not contain a blank for the applicable interest rate for payment of the claim over time.

The treatment of the allowed claim is a plan confirmation issue. In the case of *Till v. SCS Credit Corp.*, 541 U.S. 465, 124 S. Ct. 1951, 1961, 158 L. Ed. 2d 787 (2004), the United States Supreme Court concluded that the "prime plus" or "formula" rate was the best approach for determining an appropriate interest rate to compensate a secured creditor for the present value of its claim when the debtor is paying the debt in installments over a period of years under the plan. Therefore, this district adopted Nebraska Rule of Bankruptcy Procedure 3023-1 which provides that the "*Till*" rate or "formula" rate should be used for determining value for confirmation purposes. The local rule further provides that the interest rate is to be determined in accordance with the formula and the local rule whenever the Court is required to determine value for "any confirmation

purpose." The rule provides a presumptive rate and further provides that "if the creditor desires a different interest rate, it must specifically object to confirmation based upon inadequacy of the interest rate * * *." At the time of plan confirmation, the prime rate of interest as published in *The Wall Street Journal* was 8% per annum. Using the formula set forth in Nebraska Rule of Bankruptcy Procedure 3023-1(B), the presumptive rate for confirmation purposes would be two percentage points higher, or 10% per annum. In this case, Debtors' plan proposed a rate of 7% per annum Notwithstanding that rate, SAC did not object and the plan was confirmed.

The first meeting of creditors notice issued in April, 2006, specifically tells creditors that: "Interest is paid on secured claims only if the plan provides for it. Unless otherwise provided, interest is paid only from confirmation and at the rate specified in the plan." The Chapter 13 plan with respect to secured claims states:

> These claims will be paid either the value of the secured property or the amount of the claim, whichever is less, with interest as specified below. * * * The value of the secured property is determined by the proof of claim, subject to the right of the Debtors to object to such value.

The plan then further clearly provides that the interest rate to be applied is 7% per annum. Both the first meeting notice and the Trustee's acknowledgment of claim advised the creditor that interest would be paid only if the plan provides for it and at the rate specified in the plan. Thus, the creditor was told on at least three occasions (the first meeting notice, the Trustee's acknowledgment, and the plan itself) that the interest rate will be that set forth in the plan. Even the local rule applicable to the formula rate states that if a creditor desires a different rate, it must specifically object to confirmation based on inadequacy of the rate.[1]

Accordingly, if the creditor felt that the interest rate provided in the plan was inadequate, the creditor's remedy was to object to the plan. Objecting to the Trustee's treatment of its own proof of claim is not sufficient to object to the interest rate set forth in the plan. Pursuant to 11 U.S.C. § 1327(a), SAC is bound by the provisions of the confirmed plan with respect to the interest rate issue.

Separate order will be entered.

DATED: January 11, 2007.

> BY THE COURT:
>
> /s/ Thomas L. Saladino
> United States Bankruptcy Judge

---

[1] The Court recognizes that the local rule is couched in terms of Debtors using the formula rate, which was not used here, but finds the rule instructive in that it requires the creditor to object to a plan if it finds the interest rate inadequate.

Notice given by the Court to:
    *Ronald A. Hunter
    W. Eric Wood
    Kathleen A. Laughlin
    U.S. Trustee
Movant(*) is responsible for giving notice to other parties if required by rule or statute.